UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD SINA CHEHRAZI, Petitioner, v. MARKWAYNE MULLIN, Secretary of Homeland Security; TODD BLANCHE, Acting Attorney General of the United States; GREGORY J. ARCHAMBEAULT, San Diego Field Office Director, Bureau of Immigration and Customs Enforcement; and JEREMY CASEY, Imperial Regional Detention Facility, Respondent. | Case No. 26-cv-4446-JES-SBC<br>**ORDER DISMISSING PETITION**<br>**[ECF No. 1]** |

Before the Court is Petitioner Mohammad Sina Chehrazi's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 ("Pet.").

Petitioner is a native of Iran who has been detained at Imperial Regional Detention Facility since he attempted to enter the United States without authorization on February 11, 2025. Pet. at 4-5. Petitioner applied for asylum, which was denied by an immigration judge. *Id.* at 5. An immigration judge also entered an order of removal against Petitioner on January 13, 2026. *Id.* Petitioner appealed, and his appeal is still pending. *Id.* On May

26, 2026, an immigration judge denied Petitioner bond, finding that Petitioner is a flight risk. *Id.* Petitioner appealed the bond denial, and that appeal also remains pending. *Id.*

Upon consideration of a habeas petition under § 2241, the court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false." *Kourteva v. I.N.S.*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) (citing *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990)).

Here, Petitioner argues that he should be released because there is no likelihood of his removal to Iran in the reasonable foreseeable future. Pet. at 6. In *Zadvydas*, the Supreme Court held that when the government is unable to remove an alien within 90 days after a final order of removal, the alien may seek review of the reasonableness of their continued detention under the due process clause through petition for writ of habeas corpus. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). The Court instructed habeas courts to analyze whether continued detention beyond the 90-day period "exceeds a period reasonably necessary to secure removal," based on "the [removal detention] statute's basic purpose, namely, assuring the alien's presence at the moment of removal." *Id.* at 699. The Court has held that it is presumptively reasonable for the government to detain an alien for a period of 6 months while it works to effectuate his removal after issuing a final order of removal against him. *Id.* at 701. Beyond that period, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute" and grant the petition for writ of habeas corpus. *Id.* at 699-700.

Here, there is not yet a final order of removal, because Petitioner has appealed his removal order. *See* 8 CFR § 1241.1(a) (explaining that orders of removal become final after an appeal is dismissed, waived, or otherwise forfeited). The *Zadvydas* framework is thus not useful in determining Petitioner's case. Nor does Petitioner presently have a viable claim for a subsequent bond hearing under *Matthews v. Eldridge*, because he was given a

bond hearing on June 11, 2026, some seven weeks ago, and is currently appealing that denial. *See Mercado-Arechiga v. Larose,* No. 26-CV-683-JES-DEB, 2026 WL 926901, at *5-6 (S.D. Cal. Apr. 6, 2026) (explaining analysis of requests for additional bond hearings on due process grounds). Without any viable claim for relief, the Court cannot find that he states a claim in his petition as it stands.

For the reasons discussed above, the Court **DENIES** the Petition without prejudice, which means Petitioner is not barred from filing future Petitions with further information which could support a claim. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: August 4, 2026

Honorable James E. Simmons Jr.
United States District Judge